Margaret A. McLetchie, Nevada Bar No. 10931
Alina M. Shell, Nevada Bar No. 11711
Leo S. Wolpert, Nevada Bar No. 12658
**MCLETCHIE LAW**
701 East Bridger Ave., Suite 520
Las Vegas, NV 89101
Telephone: (702) 728-5300
Facsimile: (702) 425-8220
Email: maggie@nvlitigation.com

Jennifer L. Braster, Nevada Bar No. 9982
**NAYLOR & BRASTER**
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
Telephone: (702) 420-7000
Facsimile: (702) 420-7001
Email: jbraster@nblawnv.com
*Counsel for Plaintiffs, Genoa Jones and Cornell Tinsley*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GENOA JONES and CORNELL TINSLEY, individuals,<br><br>Plaintiffs,<br>vs.<br><br>CITY OF NORTH LAS VEGAS, Nevada, a Municipal Corporation, SERGEANT SCOTT SALKOFF, an individual; OFFICER MICHAEL ROSE, an individual<br><br>Defendants. | Case. No.: 2:21-cv-00241<br><br>**COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiffs GENOA JONES and CORNELL TINSLEY, individuals, file this Complaint for damages pursuant to 42 U.S.C. § 1983 (civil action for deprivation of rights), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1367(a) (supplemental jurisdiction), and 28 U.S.C. § 2201 (creation of remedy).

## NATURE OF THE ACTION

On February 15, 2019, Officers of the North Las Vegas Police Department

("NLVPD") responded to a suspected incident of domestic violence at a residence on St. Peter Court. When the suspect appeared to flee, Sergeant Scott Salkoff and Officer Michael Rose began to search neighboring residences, such as Plaintiffs' residence located at 3808 Vidalia Avenue.

Despite their awareness that there would likely be pet dogs present in the yard, and despite the lack of exigent circumstances permitting them to enter Plaintiffs' property, Sergeant Salkoff and Officer Rose entered Plaintiffs' property with their K-9 service dog, Storm. When Plaintiffs' three pet dogs inevitably investigated the intruders in their yard, two of them allegedly became aggressive with Storm. Rather than retreat or utilize non-lethal means of subduing the dogs, Sergeant Salkoff exercised lethal force, shooting Plaintiffs' pet dogs, Shadow and Whitewall, to death.

This is an action under 42 U.S.C. § 1983 seeking to address: (1) the violations of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the U.S. Constitution that Defendants are responsible for; and (2) unlawful policies and practices of permitting officers to shoot pet dogs even though there are no reasonable justifications to shoot Shadow and Whitewall and no exigent circumstances exist (or were created by the officers' own unlawful behavior).

This action also seeks to address Plaintiffs' state tort claim for conversion. This Court has supplemental jurisdiction over this state law claim.

Plaintiffs are entitled to damages, costs, and attorney's fees, punitive damages, and any other relief as victims of civil rights violations.

## JURISDICTION AND VENUE

1.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, *et seq.* for civil claims arising under the Constitution and laws of the United States. Pursuant to § 1331, this Court has original subject matter jurisdiction over Plaintiffs' claims brought under 42 U.S.C. § 1983.

2.      This Court has jurisdiction over claims arising under the laws of the State of Nevada pursuant to supplemental jurisdiction provided for by 28 U.S.C. § 1367(a).

MCLETCHIE LAW
ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

3.     The prayer for relief is predicated on 28 U.S.C. § 2201 and Fed. R. Civ. P. 38. This Court has jurisdiction to award Plaintiffs damages pursuant to 42 U.S.C. § 1983 and Nev. Rev. Stat. § 41.130. Authorization for the request of attorneys' fees and costs is conferred by 42 U.S.C. § 1988(b).

4.     Each of the Defendants acted, purported to act, and/or pretended to act in the performance of their official duties, and thus each of the Defendants acted under color of law and are subject to liability as state actors pursuant to 42 U.S.C. § 1983. *See McDade v. West,* 223 F.3d 1135, 1140 (9th Cir. 2000).

5.     Because Defendants are not arms of the State this suit is not barred by the Eleventh Amendment to the U.S. Constitution. *See Eason v. Clark County School*, 303 F.3d 1137, 1147 (9th Cir. 2002); *Culinary Workers Union v. Del Papa*, 200 F.3d 614, 619 (9th Cir. 1999).

6.     The acts or omissions giving rise to the Plaintiffs' claims all occurred in North Las Vegas, Nevada and all parties reside or operate in Clark County, Nevada. Thus, pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c), venue is proper in the United States District Court for the District of Nevada.

## PARTIES

7.     During all times relevant herein, Plaintiff Genoa Jones is a United States citizen who resides in Clark County, Nevada.

8.     During all times relevant herein, Plaintiff Cornell Tinsley is a United States citizen who resides in Clark County, Nevada.

9.     Defendant City of North Las Vegas ("North Las Vegas") is a political subdivision of the State of Nevada.

10.     At all times, Defendant North Las Vegas possessed the power and authority to adopt policies and prescribe rules, regulations, policies, and practices affecting all facets of the training, supervision, control, employment, assignment, and removal of individual members of North Las Vegas Police Department (hereinafter "NLVPD").

11.     NLVPD is a law enforcement agency for North Las Vegas, Nevada with

MCLETCHIE LAW
ATTORNEYS AT LAW
701 EAST BRIDGER AVE, SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

jurisdiction over North Las Vegas, Nevada, and is tasked with enforcing state, federal, and local laws.

12.    Upon information and belief, Defendant Sergeant Scott Salkoff ("Defendant Salkoff") is a United States citizen who resides in Clark County, Nevada.

13.    Upon information and belief, Defendant Salkoff is, and at all relevant times herein was, a sergeant with NLVPD. Defendant Salkoff violated Plaintiffs' Fourth and Fourteenth Amendment rights by unlawfully searching their residence and shooting and killing their dogs Shadow and Whitewall during said search. This constituted an unreasonable search and seizure of Plaintiffs' property.

14.    Upon information and belief, Defendant Officer Michael Rose ("Defendant Rose") is a United States citizen who resides in Clark County, Nevada.

15.    Upon information and belief, Defendant Rose is an officer with NLVPD. Defendant Rose violated Plaintiffs' Fourth and Fourteenth Amendment rights by physically assisting in the unreasonable search of their property, which culminated in the shooting of their pet dogs Shadow and Whitewall.

16.    Upon information and belief, Defendant North Las Vegas is aware of and either explicitly or implicitly condoned or created a policy and practice of allowing NLVPD officers under its command to make unreasonable intrusions upon, and searches of, property. These intrusions are not reasonably necessary to effectuate the performance of law officers' duties, and thus routinely violate victims' Fourth and Fourteenth Amendment rights.

17.    Upon information and belief, Defendant North Las Vegas is aware of and either explicitly or implicitly condoned or created a policy and practice of allowing NLVPD officers to enter civilians' residences and kill their pet dogs when it is unreasonable to do so under the circumstances. These killings constitute a destruction of property that is not reasonably necessary to effectuate the performance of law enforcement officers' duties, and thus routinely violate victims' Fourth and Fourteenth Amendment rights.

18.    The naming of Defendants herein is based upon information and belief. Plaintiffs reserve their right to name additional defendants and modify their allegations

concerning defendants named herein. Plaintiffs further reserve their right to amend these allegations to identify by name any other person or persons they learn has responsibility for the killing of their pet dogs or other wrongful actions detailed in this Complaint.

## STANDING

19.    Plaintiffs were directly affected and injured by Defendants' actions, as well as their practices and policies of violating the constitutional rights of Plaintiffs, as set forth more fully herein, and/or other abuses by Defendants operating under color of law as alleged herein.

20.    An actual case and controversy exists between Plaintiff and Defendants concerning their respective rights, privileges, and obligations.

## FACTUAL ALLEGATIONS

### *Plaintiffs' Residence*

21.    At all times relevant to this action, Plaintiffs and their pet dogs resided at 3808 Vidalia Ave. in North Las Vegas, Nevada, 89031.

22.    At all times relevant to this action, Plaintiffs had a large brick wall surrounding the entirety of their backyard, with two gates for ingress and egress, including a gate near the front door of Plaintiffs' residence.

23.    The two access gates to Plaintiffs' backyard were kept closed and locked at all relevant times.

24.    At all relevant times, Plaintiffs maintained a "Beware of Dog" sign on the west side of their property.

### *Plaintiffs' Pet Dogs*

25.    At all times relevant to this action, Plaintiffs were the owner of three dogs, all of which were pit-bull mixes.

26.    During the time that Plaintiffs owned the three dogs, they had never shown any type of aggression towards humans.

27.    Upon information and belief, and the time they were shot by Defendant Salkoff, Plaintiffs' dogs Shadow and Whitewall were up-to-date on all their vaccinations.

5

***Defendants Salkoff and Rose Unlawfully Search Plaintiffs' Residence***

28.    On February 15, 2019, Defendants Salkoff and Rose were involved in responding to a domestic disturbance call on St. Peter Court, which is located to the north of Plaintiffs' residence.

29.    Upon information and belief, a person fled south from the residence on St. Peter Court, toward Vidalia Avenue.

30.    Upon information, NLVPD officers, including Defendants Salkoff and Young, attempted to apprehend the fleeing person.

31.    Defendant Salkoff and his service dog Storm entered the backyard of 3804 Vidalia Ave., the residence directly to the east of Plaintiffs' home.

32.    From the adjacent property, Defendant Salkoff observed Plaintiffs' backyard over the brick wall.

33.    Upon information and belief, this visual observation revealed the presence of three doghouses and dog bowls in an "open kennel" in the west side of the backyard.

34.    Upon information and belief, the visual inspection did not reveal the presence of any human beings or evidence of a crime.

35.    Upon information and belief, NLVPD Officer Young observed the "Beware of Dog" sign on the west side of Plaintiffs' residence and relayed this information to Defendants Salkoff and Rose.

36.    Despite these indicia that there were likely to be dogs present in the yard, Defendant Salkoff scaled the brick wall on the east side of Plaintiffs' residence and entered their back yard.

37.    Defendant Rose then lifted Storm up over the wall, whereupon Sergeant Salkoff retrieved the service dog and began to search Plaintiffs' backyard.

38.    Defendants did not obtain Plaintiffs' consent to search their residence, as nobody was home at the time.

39.    Upon information and belief, Defendants did not have a warrant to search Plaintiffs' property.

***Defendant Salkoff Unlawfully Shoots and Kills Plaintiffs' Dogs***

40.    Upon information and belief, Defendant Salkoff and Storm walked east-to-west across Plaintiffs' yard.

41.    Upon information and belief, Plaintiffs' dogs were asleep in their doghouses on the west side of the yard.

42.    When Defendant Salkoff and Storm reached the west side of the backyard, Plaintiffs' dogs were awakened.

43.    Upon information and belief, Plaintiffs' dogs approached Defendant Salkoff and Storm.

44.    Upon information and belief, Plaintiffs' dogs Shadow and Whitewall began to fight with Storm, while the third dog retreated.

45.    Defendant Salkoff fired his service weapon a total of two times, striking and killing Shadow and Whitewall.

46.    Upon information and belief, Defendant Salkoff had several less violent alternatives of subduing Shadow and Whitewall and/or separating himself and Storm from Shadow and Whitewall.

***Other Incidents Involving North Las Vegas's Unlawful Seizure of Pet Dogs***

47.    Prior to February 15, 2019 North Las Vegas was on notice of its Fourth and Fourteenth Amendment obligations as applied to warrantless searches of properties and seizures of pet dogs.

48.    On February 8, 2008, NLVPD officers executed a search warrant at Louisa Thurston's residence for her husband, a suspected armed bank robber. While NLVPD officers searched her home, they encountered her mastiff and pit bull attempting to enter the house from the backyard through the door accessible by the dogs. LVMPD officers shot the mastiff and pit bull as they entered the house.

49.    On September 14, 2013, NLVPD officers shot and killed Thomas Walker's and Cathy Cataldo's two pit bulls. The City of North Las Vegas settled this matter after the Court partially denied defendants' motion for summary judgment.

MCLETCHIE LAW
ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

50.    On September 20, 2013, NLVPD officers and Henderson Police Department officers jointly mistakenly executed a search warrant on Edward Wheeler's property when the warrant was actually for the property directly adjacent to Wheelers' home. The NLVPD officers shot and killed Wheeler's dog even though his dog was behind a cinderblock wall not threatening the officers. The City of North Las Vegas also settled this matter.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
TO THE CONSTITUTION OF THE UNITED STATES
PURSUANT TO 42 U.S.C. § 1983
(BY PLAINTIFFS AGAINST DEFENDANTS SALKOFF AND ROSE)

51.    Plaintiffs repeat and re-allege Paragraphs 1 through 50 as though fully set forth herein.

52.    The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.

53.    A warrantless search of a home is "presumptively unreasonable because the physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." *United States v. Kazuyoshi Iwai*, 930 F.3d 1141, 1144 (9th Cir. 2019) (quoting *Payton v. New York*, 445 U.S. 573, 585-86, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980)).

54.    This presumption "is overcome only when the exigencies of the situation make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment." *Kazuyoshi Iwai,* 930 F.3d at 1444 (quoting *Kentucky v. King*, 563 U.S. 452, 460, 131 S. Ct. 1849, 179 L. Ed. 2d 865 (2011)).

55.    Defendants Salkoff and Rose acted under color of law, and their actions violated Plaintiffs' right against an unreasonable search as guaranteed by the Fourth Amendment. The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution

incorporates the Fourth Amendment, protecting the right of an individual to be free from unreasonable searches of their property by agents of state and local governments.

56.     Plaintiffs' rights were, or should have been, known to Defendants Salkoff and Rose.

57.     Defendant Salkoff's warrantless entry into Plaintiffs' property was objectively unreasonable, as Defendant Salkoff lacked probable cause to believe that there would be any suspects in Plaintiffs' backyard.

58.     Defendant Rose's warrantless entry into Plaintiffs' property—by way of placing the service dog Storm into Plaintiffs' backyard after Defendant Salkoff had entered—was unreasonable for the reasons stated above.

59.     As a result of Defendants' unlawfully searching their property, Plaintiffs were deprived of rights and immunities secured to them under the Constitution of and laws of the United States including, but not limited to, their rights under the Fourth and Fourteenth Amendments.

60.     As a direct and proximate cause of Defendants' violations of the Fourth Amendment, Plaintiffs have suffered, are suffering, and will continue to suffer damages in an amount subject to proof and are entitled to: declaratory relief against Defendants; attorneys' fees and costs from Defendants; and monetary, compensatory, and punitive damages from Defendants.

**SECOND CAUSE OF ACTION**
VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
TO THE CONSTITUTION OF THE UNITED STATES
PURSUANT TO 42 U.S.C. § 1983
(BY PLAINTIFFS AGAINST DEFENDANT SALKOFF)

61.     Plaintiffs repeat and re-allege Paragraphs 1 through 60 as though fully set forth herein.

62.     The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S.

MCLETCHIE LAW
ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

1    Const. amend. IV.

2        63.    "[T]he destruction of property by state officials poses as much of a threat,

3    if not more, to people's right to be 'secure ... in their effects' as does the physical taking of

4    them." *Fuller v. Vines,* 36 F.3d 65, 68 (9th Cir.1994), *overruled on other grounds, Robinson*

5    *v. Solano County,*278 F.3d 1007, 1013 (9th Cir.2002) (citation omitted). "The killing of

6    [a] dog is a destruction recognized as a seizure under the Fourth Amendment" and can

7    constitute a cognizable claim under § 1983. *Id.*

8        64.    "Reasonableness is the touchstone of any seizure under the Fourth

9    Amendment." *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402

10   F.3d 962, 975 (9th Cir. 2005). A seizure becomes unreasonable—and thus unlawful—when

11   it is "more intrusive than necessary." *Florida v. Royer*, 460 U.S. 491, 504, 103 S.Ct. 1319,

12   75 L.Ed.2d 229 (1983)).

13       65.    To determine whether the seizure of property was reasonable, courts must

14   balance "the nature and quality of the intrusion on the individual's Fourth Amendment

15   interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490

16   U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (citation and internal quotation marks

17   omitted).

18       66.    The killing of a person's dog constitutes an unconstitutional destruction of

19   property absent a sufficiently compelling governmental interest. *Hells Angels*, 402 F.3d at

20   977.

21       67.    In weighing the governmental interests involved, courts must consider, *inter*

22   *alia*, (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat

23   to the safety of the officers or others, and (3) whether he is actively resisting arrest or

24   attempting to evade arrest by flight. *Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994).

25       68.    Moreover, the Fourth Amendment "forbids the killing of a person's dog, or

26   the destruction of a person's property, when that destruction is unnecessary—*i.e.*, when less

27   intrusive, or less destructive, alternatives exist." *Hells Angels*, 402 F.3d at 977-78.

28       69.    Defendant Salkoff acted under color of law, and his actions violated

MCLETCHIE LAW

ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

Plaintiffs' rights against an unreasonable search and seizure as guaranteed by the Fourth Amendment. The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution incorporates the Fourth Amendment, protecting the right of an individual to be free from unreasonable searches and seizures of their property by agents of state and local governments.

70.    Plaintiffs' rights were, or should have been, known to Defendant Salkoff.

71.    Defendant Salkoff's shooting and killing of Plaintiffs' pet dogs Shadow and Whitewall was *per se* unreasonable because exigent circumstances did not exist, and his shooting of the dogs was not the least destructive alternative.

72.    As a result of the above-described act of killing their pet dogs, Plaintiffs were deprived of rights and immunities secured to them under the Constitution of and laws of the United States including, but not limited to, their rights under the Fourth and Fourteenth Amendments to be secure in their person, the execution of their animals, to be free from the use of deadly force, to be free from punishment without due process, and to equal protection of the laws.

73.    As a direct and proximate cause of Defendant Salkoff's violations of the Fourth Amendment, Plaintiffs have suffered, are suffering, and will continue to suffer damages in an amount subject to proof, and he is entitled to: declaratory relief against Defendant; attorneys' fees and costs from Defendant; and monetary, compensatory, and punitive damages from Defendant.

### THIRD CAUSE OF ACTION
#### VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
#### TO THE CONSTITUTION OF THE UNITED STATES
#### PURSUANT TO 42 U.S.C. § 1983
#### (BY PLAINTIFFS AGAINST DEFENDANT NORTH LAS VEGAS)

74.    Plaintiffs repeat and re-allege Paragraphs 1 through 73 as though fully set forth herein.

75.    Defendant North Las Vegas owed a duty to persons such as Plaintiffs to use

11

reasonable care in the training, supervision, and retention of its employees to make sure that its employees are fit for their positions by implementing policies and procedures designed to prevent unlawful acts by its employees, such as those committed by Defendants Salkoff and Rose.

76. The failure of Defendant North Las Vegas to provide adequate training and supervision regarding warrantless searches of private residences and the constitutional prohibition on such searches in the absence of probable cause, amounts to deliberate indifference to the safety and Fourth and Fourteenth Amendment rights of the citizens of North Las Vegas.

77. Defendant North Las Vegas is liable because at all relevant times, the entity is responsible for making and enforcing constitutional policies with respect to warrantless searches of private residences in North Las Vegas.

78. As a direct and proximate cause of Defendant North Las Vegas's deliberate indifference to the safety and constitutional rights of citizens, Plaintiffs have suffered, are suffering, and will continue to suffer damages in an amount subject to proof, and Plaintiffs are entitled to: declaratory relief against all Defendant North Las Vegas as well as its officers; attorneys' fees and costs from Defendant; and monetary, compensatory, and punitive damages from Defendant North Las Vegas.

### FOURTH CAUSE OF ACTION
VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
TO THE CONSTITUTION OF THE UNITED STATES
PURSUANT TO 42 U.S.C. § 1983
(BY PLAINTIFFS AGAINST DEFENDANT NORTH LAS VEGAS)

79. Plaintiffs repeat and re-allege Paragraphs 1 through 78 as though fully set forth herein.

80. Defendant North Las Vegas owed a duty to persons such as Plaintiffs to use reasonable care in the training, supervision, and retention of its employees to make sure that

MCLETCHIE LAW
ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

1  its employees are fit for their positions by implementing policies and procedures designed to
2  prevent unlawful acts by its employees, such as those committed by Defendant Salkoff.

3          81.     The failure of Defendant North Las Vegas to provide adequate training and
4  supervision regarding the lawful use of a service weapon on pet dogs which amounts to
5  deliberate indifference to the safety and Fourth and Fourteenth Amendment rights of the
6  citizens of the North Las Vegas.

7          82.     Pursuant to Nev. Rev. Stat. § 289.595, Defendant North Las Vegas had a
8  duty to provide training to peace officers regarding responding to incidents involving dogs
9  or where dogs are present. Such training must include, *inter alia*, instruction regarding
10 "[d]ifferentiating between aggressive and nonthreatening dog behaviors" (Nev. Rev. Stat. §
11 289.595(3)(a) and "[n]onlethal methods of handling potentially dangerous dogs." Nev. Rev.
12 Stat. § 289.595(3)(b).

13         83.     As evidenced by the prior cases brought against North Las Vegas for
14 unlawful seizures of pet dogs and the unnecessary shooting and killing of Plaintiffs' dogs in
15 this case, Defendant North Las Vegas failed to provide adequate training and supervision to
16 Defendant Salkoff regarding nonlethal methods of handling Plaintiffs' dogs.

17         84.     Defendant North Las Vegas is liable because at all relevant times, the entity
18 is responsible for making and enforcing constitutional policies with respect to officer
19 interactions with pet dogs in North Las Vegas.

20         85.     As a direct and proximate cause of Defendant North Las Vegas's deliberate
21 indifference to the safety and constitutional rights of citizens, Plaintiffs have suffered, are
22 suffering, and will continue to suffer damages in an amount subject to proof, and Plaintiffs
23 are entitled to: declaratory relief against all Defendant North Las Vegas as well as its officers;
24 attorneys' fees and costs from Defendant; and monetary, compensatory, and punitive
25 damages from Defendant North Las Vegas.

26 / / /
27 / / /
28 / / /

MCLETCHIE LAW
ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

1
2
3

MCLETCHIE LAW
ATTORNEYS AT LAW
701 EAST BRIDGER AVE., SUITE 520
LAS VEGAS, NV 89101
(702)728-5300 (T) / (702)425-8220 (F)
WWW.NVLITIGATION.COM

**FIFTH CAUSE OF ACTION**
**CONVERSION**
**PURSUANT TO NEV. REV. STAT. § 41.130**
(**BY PLAINTIFFS AGAINST DEFENDANTS SALKOFF AND NORTH LAS VEGAS**)

86.     Plaintiffs repeat and re-allege Paragraphs 1 through 85 as though fully set forth herein.

87.     Plaintiffs had property rights in their dogs, Shadow and Whitewall.

88.     Defendants Salkoff and North Las Vegas exercised the acts of dominion wrongfully over Plaintiffs' property, their dogs Shadow and Whitewall, when they illegally shot and killed Plaintiffs' dogs in derogation of Plaintiffs' rights.

89.     Defendants' act of killing Plaintiffs' dogs was in defiance of and inconsistent with Plaintiffs' title and rights to Shadow and Whitewall, their property.

90.     As set forth above, Defendants have engaged in tortious or unlawful conduct that cannot be justified or excused in law.

91.     As a result of these breaches, Plaintiffs have suffered, are suffering, and will continue to suffer damages in an amount subject to proof, and Plaintiffs are entitled to: declaratory relief against Defendants; attorneys' fees and costs from Defendants; and monetary, compensatory, and punitive damages from Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray as follows:

- For a trial by jury on all issues;

- For declaratory relief;

- For monetary, compensatory, and punitive damages allowable under law in an amount to which the Plaintiffs are found to be entitled;

- For an additional amount to account for additional taxes Plaintiffs may be called upon to pay in relation to awards made herein;

- Attorneys' fees and costs incurred herein pursuant to 42 U.S.C. § 1988 and all applicable statutory authority; and

- Entry of such other and further relief the Court deems just and proper.

14

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action.

RESPECTFULLY SUBMITTED this the 12th day of February, 2021.

*/s/ Leo S. Wolpert*

Margaret A. McLetchie, Nevada Bar No. 10931
Alina M. Shell, Nevada Bar No. 11711
Leo S. Wolpert, Nevada Bar No. 12658
**MCLETCHIE LAW**
701 East Bridger Ave., Suite 520
Las Vegas, NV 89101
Telephone: (702) 728-5300
Facsimile: (702) 425-8220
Email: maggie@nvlitigation.com

Jennifer L. Braster, Nevada Bar No. 9982
**NAYLOR & BRASTER**
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
Telephone: (702) 420-7000
Facsimile: (702) 420-7001
Email: jbraster@nblawnv.com
*Counsel for Plaintiffs, Genoa Jones and Cornell Tinsley*